CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
SEP 30 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| VINCENT MCKINLEY BROWN, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN HARRIS L. DIGGS, ) <br> Respondent. ) | Civil Action No. 7:10-cv-00226 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Vincent McKinley Brown, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that the evidence was insufficient to sustain his conviction and his guilty plea was coerced. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion and dismiss the petition.

I.

The Circuit Court of the City of Waynesboro entered petitioner's criminal judgment on October 15, 2008, sentencing him to sixty-five years imprisonment with forty-two years suspended. The circuit court sentenced petitioner for breaking and entering a dwelling house while armed with a deadly weapon, two counts of malicious wounding, and possession of a firearm after having been convicted of a felony. Petitioner appealed his convictions to the Court of Appeals of Virginia, challenging the severity of his sentence under state law. The Court of Appeals denied his petition for appeal in March 2009. The Supreme Court of Virginia refused his subsequent petition for appeal in August 2009.

Petitioner filed a state habeas petition with the circuit court in October 2009. Petitioner argued that trial counsel provided ineffective assistance for not presenting a defense and not presenting information to the judge; the circuit court erroneously sentenced him outside the

guidelines range and erroneously punished him for previously adjudicated crimes; and the evidence was insufficient to sustain the conviction. The circuit court dismissed the habeas petition in December 2009. On or about April 1, 2010, petitioner filed a notice of appeal with the circuit court. However, petitioner filed his notice of appeal too late, and the circuit court denied it on April 16, 2010, pursuant to Rule 5:9 of the Rules of the Virginia Supreme Court.[1] Accordingly, petitioner has not presented his state habeas claims to the Supreme Court of Virginia.

Petitioner filed the instant federal habeas petition in May 2010. Petitioner argues that the evidence was insufficient to prove he broke into the dwelling or he maliciously wounded the victim. Petitioner also argues that trial counsel was ineffective because counsel promised petitioner that he would receive the minimum sentence suggested by the state sentencing guidelines.

## II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." However, a federal court "may not grant a writ of habeas corpus to petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). An exhausted claim is one that is fairly presented to the state's highest court. Matthews

---

[1] Rule 5:9(a) Filing Deadline; Where to File – No appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court pursuant to Rule 5:5(a), counsel for the appellant files with the clerk of the trial court a notice of appeal and at the same time mails or delivers a copy of such notice to all opposing counsel. A notice of appeal filed after the court announces a decision or ruling – but before the entry of such judgment or order – is treated as filed on the date of and after the entry.

2

v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). A § 2254 claim has not been "fairly presented" for exhaustion purposes if the petitioner relied on different facts or a different rule of law in state proceedings. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). Claims that arise under state or federal law are not exhausted if the petitioner failed to assert a federal basis when presenting the claims in state court. Baker, 220 F.3d at 289.

The record of plaintiff's state proceedings establishes that he did not preserve his claims for federal habeas review. Plaintiff did not submit his current claims to the Supreme Court of Virginia for direct review, and he did not timely appeal his state habeas claims for collateral review. Petitioner's current claim that counsel was ineffective for not arguing that his sentence was erroneously imposed because it was too severe is not the same claim argued on direct appeal that his sentence was erroneously imposed. The Sixth Amendment guarantee to effective counsel involves legal standards wholly inapplicable and separate from plaintiff's claim about the severity of his sentence. Furthermore, plaintiff's direct appeal arguments about his sentence cite only state law and do not argue any federal constitutional basis. Thus, this claim is also not exhausted. Because petitioner failed to present his claims to the Supreme Court of Virginia, he may not now raise them on federal habeas review. See Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) ("[F]ailure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims."). Therefore, petitioner's claims are now exhausted for federal habeas review, and the claim must be dismissed unless the Commonwealth unconditionally waived exhaustion, Sweezy v. Garrison, 694 F.2d 331, 331 (4th Cir. 1982), or a

state procedural rule would bar consideration if the claim was later presented to the Supreme Court of Virginia, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

The Commonwealth has not unconditionally waived exhaustion, and a state procedural rule would bar consideration of these claims if petitioner now presented them to the Supreme Court of Virginia. See Va Code § 8.01-654(B)(2) (requiring a state habeas petitioner to include all claims for relief known to the petitioner in the first petition for a writ of habeas corpus); Va. Sup. Ct. R. 5:9(a) (stating appellant has thirty days to note an appeal to the Supreme Court of Virginia from a trial court). The Fourth Circuit Court of Appeals has recognized this rule as an adequate and independent state law ground to bar federal habeas proceedings. See, e.g., Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997); Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996); Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990). Therefore, petitioner's claims are procedurally defaulted, and I may not review them absent a showing of cause and prejudice or actual innocence. See Roach v. Angelone, 176 F.3d 210, 221 (4th Cir. 1999).

When a claim is procedurally defaulted, a district court may not review the barred claim without a showing of cause and prejudice or a fundamental miscarriage of justice. Harris v. Reed, 489 U.S. 255, 262 (1989). The existence of cause ordinarily turns upon a showing of (1) ineffective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). However, petitioner does not present any grounds to excuse his procedural default; petitioner argues the facts underlying his criminal conviction in response to the respondent's motion to dismiss. Accordingly, I find that petitioner's unexhausted claims are simultaneously exhausted and defaulted, he is not excused

from the default, and I must grant the respondent's motion to dismiss.

III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss the petition. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 30th day of September, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge